[Civ. No. 13796.   Second Dist., Div. Two.   Nov. 4, 1942.]

M. GRAFFIO, Respondent, v. GRACE M. BESSIRE et al., Appellants.

J. Everett Brown for Appellants.

Joseph L. Altagen for Respondent.

WOOD (W. J.), J.—Defendants have appealed from a judgment quieting plaintiff's title in a certain parcel of land situated in the city of Los Angeles.

Defendant Bessire was the record owner of the property

in dispute in the year 1936. She failed to pay the taxes assessed against the property and in that year it was sold to the State of California. Ever since that time and up to the date of the trial she has failed to pay any taxes on the property. The tax collector of Los Angeles County on July 3, 1941, sold the property at public auction to plaintiff. A deed to the property was delivered to plaintiff on August 2, 1941, and was recorded on August 16, 1941.

It is the contention of defendants that the sale was premature and that their redemption period was extended for a period of 90 days from July 1, 1941, by an emergency act which became effective on that date. This act repealed section 4101.5 of the Revenue and Taxation Code and in place thereof provided a new section bearing the same number, reading in part as follows: "If tax-sold or tax-deeded property was sold to the State on or before July 6, 1940, and is redeemed on or before 90 days after this section becomes effective, the amount necessary to redeem the property is the amount of sold taxes, with interest on the amount of sold taxes at 5 per cent per year computed beginning the day the property was sold to the State to the time of redemption, but in no event computed beyond three years from the day the property was sold to the State. No other interest, costs, delinquent penalties, or redemption penalties accruing before 90 days after this section takes effect need be paid under such redemption." Before its repeal by the emergency legislation section 4101.5 read as follows: "If tax sold or tax deeded property was sold to the State on or before July 6, 1938, and is redeemed on or before April 20, 1940, the amount necessary to redeem the property is the amount of sold taxes, with interest on the amount of sold taxes at 7 per cent per year, computed beginning July 1, 1936, to the time of redemption. No other interest, costs, delinquent penalties, or redemption penalties accruing before April 20, 1940, need be paid on such redemption."

Provisions governing the sale of property sold to the State for taxes and prescribing methods for redemption of the property are to be found in sections 3476, 7, 8 of the Revenue and Taxation Code. It is therein provided that after a bid has been accepted at the sale the right of redemption is terminated except as to the purchaser, who shall pay the amount bid immediately and redeem the property within 30 days thereafter. If the purchaser does not re-

deem, the original owner's right of redemption is revived. In the case now before us it appears from the record that the purchaser did in fact redeem the property.

It is to be noted that the act which became effective on July 1, 1941, lowered the rate of interest on the amount of the taxes from 7 per cent to 5 per cent and provided that in no event should interest be computed beyond three years from the date the property was sold to the State. No language is found in the new statute which purports to extend the period within which redemption may be made. In view of the clear and positive provisions in section 3478 on the subject of the right of the owner to redeem, it is apparent that the Legislature would have used language which clearly provided for an extension of the period of redemption if indeed it had intended to extend the period. It is worthy of note that on earlier occasions the Legislature enacted moratorium legislation in which the time for the payment of taxes and for the redemption from tax sales was extended in unmistakable terms. (See Stats. 1933, p. 555 [Deering's Gen. Laws, 1933 Supp., Act 8477a] ; Stats. 1935, p. 1062 [Pol. Code, §§ 3817b3, 3817c3.] ▮ The right of a property owner to redeem his property from a tax sale comes from the statutory provisions on the subject and all provisions set forth in the statute must be followed. Defendants have not complied with the statutory requirements.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 28, 1942. Carter, J., voted for a hearing.